

FILED
Dec 01, 2020
10:45 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jason Weddington | ) | Docket No. 2019-01-0571 |
| | ) | |
| v. | ) | State File No. 56929-2019 |
| | ) | |
| Innocor Foam Technologies, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

---

### Affirmed and Certified as Final

---

The employee alleged he suffered injuries to his neck and back after slipping on hydraulic fluid at work and falling. After the employee filed a petition seeking workers' compensation benefits, the employer filed a motion for summary judgment, asserting one of the employee's treating physicians had concluded his cervical spine condition was not more than fifty percent causally related to the work accident. One week after the filing of the employer's motion, the employee filed a request for expedited hearing, an affidavit, and a medical record electronically signed by another physician that he asserted supported his claim for benefits. The employee also responded to the motion for summary judgment and filed a motion requesting the court to continue the summary judgment hearing. The trial court denied the employee's motion for continuance, excluded from evidence the medical records attached to the employee's request for expedited hearing, concluded the employee had not properly responded to the motion for summary judgment in accordance with Rule 56.03 of the Tennessee Rules of Civil Procedure, and granted the employer's motion for summary judgment. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's order granting summary judgment and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Jason Weddington, Soddy Daisy, Tennessee, employee-appellant, pro se

Lee Anne Murray, Nashville, Tennessee, for the employer-appellee, Innocor Foam Technologies, LLC

**Memorandum Opinion**[1]

Jason Weddington ("Employee") worked as a machine operator for Innocor Foam Technologies, LLC ("Employer"). On July 26, 2019, Employee reported slipping in hydraulic fluid and falling, resulting in neck and back pain. He sought emergency treatment and was seen by Dr. Jay Jolley, an orthopedic surgeon. Following a clinical evaluation and diagnostic testing, Dr. Jolley concluded Employee suffered from pre-existing cervical stenosis with "chronic compression and deformity." Dr. Jolley advised Employee he needed surgery but indicated he would not offer an opinion regarding the cause of Employee's condition and need for surgery until he had reviewed Employee's past medical records. Employer provided the requested records, but Dr. Jolley left for vacation before offering a causation opinion as to the need for surgery. While Dr. Jolley was away from the office on vacation, Employee returned to Dr. Jolley's office and saw Dr. David Wiles, a neurosurgeon, who performed the recommended surgery on Employee's cervical spine.

In June 2020, Dr. Jolley completed a Standard Form Medical Report (Form C-32) in which he opined that "[Employee's] employment with [Employer] did not contribute more than 50% in causing his need for treatment." In an accompanying affidavit, Dr. Jolley stated that Employee "did not sustain a work-related injury to his back" and "did not experience an aggravation of any pre-existing conditions in his back." He then stated in the affidavit that "[t]he July 26, 2019 incident at work did not cause an aggravation of his cervical condition that required treatment."

On July 2, 2020, Employer filed a motion for summary judgment in which it relied on the Form C-32 and affidavit of Dr. Jolley as well as a statement of undisputed facts. On July 9, 2020, Employee filed a request for expedited hearing, an affidavit supporting his request, a notarized statement from a co-worker, and two pages of medical records. One of the two pages was an incomplete record from Dr. Jolley's August 3, 2019 consultation when Employee was seen at Parkridge Medical Center, and the other was an incomplete record from an August 12, 2019 visit with the surgeon, Dr. Wiles.[2] On July 31, 2020, Employee filed a response to Employer's motion for summary judgment but did not address each element of Employer's statement of undisputed facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. Employee also filed a motion to

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] The record from Dr. Wiles contains information and opinions that appear to conflict with the causation opinions provided by Dr. Jolley. However, the trial court excluded this record from evidence during the summary judgment hearing, apparently in response to an objection made by Employer.

2

continue the hearing on Employer's summary judgment motion, asserting he was entitled to an expedited hearing first.

On August 10, 2020, the trial court denied Employee's motion for a continuance. That order was not appealed. The following day, the court conducted a hearing and issued an order on August 19 granting the motion for summary judgment and dismissing Employee's case. In a footnote, the court noted that it "sustains [Employer's] objection to the admissibility of the incomplete medical records."[3] Moreover, because Employee did not properly respond to Employer's statement of undisputed facts, the court considered those facts to be undisputed for purposes of the summary judgment hearing. Concluding that Dr. Jolley was the "only expert to give proof on causation," the court found Employer had negated an essential element of Employee's claim through Dr. Jolley's affidavit and Form C-32. The court granted the motion and dismissed Employee's case. Employee has appealed.

As we have previously observed, a motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). In accordance with Rule 56.07, a trial court has the discretion to order a continuance of a motion for summary judgment "to permit affidavits to be obtained or depositions to be taken or discovery to be had." A trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016).

Here, Employee did not appeal the trial court's denial of his motion for a continuance and, thus, that decision is not reviewable by us. Moreover, he has not raised any reviewable issue on appeal regarding the court's ruling on the motion for summary judgment. Rather, in his notice of appeal, he asserts that Employer filed its motion for summary judgment prematurely and that he was entitled to an expedited hearing before the hearing on the motion for summary judgment was conducted. In support of his position, Employee cites Tenn. Comp. R. & Regs. 0800-02-21.15(3), which permits an

---

[3] No transcript of the summary judgment hearing was filed. The record before us contains nothing confirming that Employer objected to the consideration of Dr. Wiles's medical records as indicated in the trial court's order.

3

employer to file a motion for summary judgment *after* a claim has been denied following an expedited hearing. However, Employee does not provide any argument in support of his contention that a motion for summary judgment can be filed *only* after a claim is denied following an expedited hearing or that he was entitled to an expedited hearing first. Employer argues in its brief that the rule cited by Employee does not limit an employer's ability to file a motion for summary judgment at other times during the pendency of a claim. Indeed, Rule 56.01 of the Tennessee Rules of Civil Procedure states that a motion for summary judgment may be filed "after the expiration of thirty (30) days from the commencement of the action." Regardless, issues relating to when a motion for summary judgment can be filed and when a hearing can occur are not properly before us because Employee did not appeal the court's order denying his motion for a continuance of the summary judgment hearing.

Further, Employee has filed no brief on appeal and has provided no meaningful legal argument explaining how the trial court erred in its ruling on the motion for summary judgment. The court concluded that Employer had negated an essential element of Employee's claim by presenting a medical opinion that Employee's complaints were not causally related to the work injury. The trial court further found that Employee had failed to respond with evidence demonstrating a genuine issue of material fact.[4]

In short, Employee has presented no argument that the trial court erred in determining Employer had negated an essential element of Employee's claim and in granting the motion for summary judgment. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

For the foregoing reasons, we affirm the trial court's order granting summary judgment and certify it as final. Costs on appeal have been waived.

---

[4] Employee did not include as an issue on appeal whether the trial court erred in excluding the medical report of Dr. Wiles.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jason Weddington | ) | Docket No. 2019-01-0571 |
| | ) | |
| v. | ) | State File No. 56929-2019 |
| | ) | |
| Innocor Foam Technologoies, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of December, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jason Weddington | | | | X | jasonweddington623@gmail.com |
| Lee Anne Murray Ashley Namynanik | | | | X | leeamurray@feeneymurray.com ashley@feeneymurray.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov